## BURNETT v. HANDLEY.

1. When a slave is levied on at the suit of three creditors, and is claimed by a stranger, who executes a claim bond to the junior execution only, and that creditor alone contests the title with the claimant, and succeeds in condemning the slave, the other creditors have no right to claim the money which he receives from the claimant, in discharge of the claim bond.

Writ of Error to the Circuit Court of Wilcox.

THIS was a motion by Burnett, as sheriff of Wilcox county, against Handley; and its object is to obtain the judgment of the Court with reference to the appropriation of money between certain execution creditors. The motion, by consent of parties, was heard and determined by the Judge, without the intervention of a jury, upon the following state of facts, to wit:

Handley obtained judgment against one Joseph B. Dossey, at the fall term, 1842; his execution issued on the 5th of December, 1842, and the same day was levied on a slave named George, as Dossey's property. Thereupon the sheriff demanded a bond of indemnity from Handley, which was executed. Afterwards, this slave was claimed by William Dossey, and a bond given to try the right of property. At the fall term, 1843, the slave was held liable to satisfy this execution, and his value assessed at $550, which sum was thereupon paid by the claimant to the attorney of Handley, who now holds the same, subject to the direction of the Court, with respect to its application.

On the same day when the sheriff levied Handley's execution, he also levied upon the same slave three others, one in favor of

Francis Bettis, against the said Dossey and James H. McIlvain ; one in favor of Wm. T. Matthews against Dossey and David Mandeville, and one in favor of the same plaintiff against Dossey, Wm. F. Daniel and John D. Caldwell. These executions were received by the sheriff on the 22d of August, 1842. There was no proof that any indemnity bond was executed by the plaintiffs in those three cases, or that any indemnity was demanded. It was proved that in the case of Bettis, the money had been paid to his attorney by Burnett the sheriff. It was proved by Matthews, the plaintiff in the two other cases, that the sheriff, Burnett, paid to him the sum of four hundred dollars, and it appeared from the executions, that sum was more than sufficient to satisfy both. At the time the sheriff paid this sum, he was called on to do so by Matthews, and the money was paid at the sheriff's office, and at, and immediately before the payment, the executions were in his hands. Matthews did not receipt to the sheriff for the money in the cases, nor did he assign them to the sheriff, but it was understood and considered by him, when he received the money, that it was received on those executions.

The Court, upon this evidence, considered Handley as entitled to have the money applied to the discharge of his execution, and so ordered. To this decision Burnett excepted, and insisted upon the application of the money to the discharge of the other.executions.

The judgment of the Circuit Court upon this matter is assigned as error.

CHAS. DEAR, for the plaintiff in error, insisted that the execution of the indemnity bond by Handley, gave him no superior rights to the slave, unless the other plaintiffs had refused, upon request made, to indemnify also. Here the sheriff may have become liable, and a third party cannot be allowed to show the payment by him, as the ground for acquiring the exclusive right to the money realized from the sale.

SELLERS, contra.

GOLDTHWAITE, J.—In point of fact, there is no contest here between the several creditors of Dossey as to the appropriation of the money. The sheriff, it seems, conceded his liability to sat-

isfy the executions which had issued at the suit of Bettis and Matthews: whether this liability grew out of his neglect to require a claim bond from the claimant of the slave levied on, or from his omission to make the money from the other persons against whom as well as Dossey, these executions were issued, does not appear; nor is this material, because, if these creditors were now contesting the right of Handley to the money in the hands of his attorney, it could not be said their's was superior. Handley has, in legal effect, done no more than enter into an arrangement with the claimant, in the nature of an accorded satisfaction of the condition of the claim bond executed by the latter. This right is personal to him, and is not affected, even if the other creditors had a paramount lien upon the slave. In this view of the case, it is unnecessary to determine whether the lien of the other creditors was destroyed by the omission of the sheriff to require a claim bond on their executions.

Judgment affirmed.